IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NAKISHA DANYEL MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-532-SPS |
| ) | |
| UNITED FOODSERVICE ) | |
| EQUIPMENT LIMITED; CENTRAL ) | |
| PRODUCTS, LLC; ALLIED ) | |
| BUYING CORPORATION; ) | |
| CENTAUR FOOD SERVICE ) | |
| EQUIPMENT; ) | |
| ) | |
| Defendants, ) | |
| ) | |
| COMPSOURCE MUTUAL ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Intervenor. ) | |

**OPINION AND ORDER GRANTING DEFENDANT
ALLIED BUYING CORPORATION'S AMENDED MOTION TO
DISMISS AND MOTION TO DISMISS COMPLAINT IN INTERVENTION**

This matter comes before the Court on an Amended Motion to Dismiss by Defendant Allied Buying Corporation [Docket No. 37] and Defendant Allied Buying Corporation's Motion to Dismiss Complaint in Intervention [Docket No. 59]. The Plaintiff originally brought this case in Oklahoma state court in Murray County, Case No. CJ-2014-079, against Defendants Globe Food Equipment Company and United Foodservice Equipment Limited. Defendant Globe Food Equipment Company then removed the case to this Court, and the Plaintiff filed an Amended Complaint naming

Defendants Globe Food Equipment Company; United Foodservice Equipment Limited; Central Products, LLC ("Central Products"); Allied Buying Corporation ("ABC"); and Centaur Food Service Equipment [Docket No. 16].

ABC moved to dismiss the Amended Complaint, asserting that the court lacked personal jurisdiction [Docket No. 26]. Before the Plaintiff responded, ABC then filed a superseding Amended Motion to Dismiss again asserting that this Court lacks personal jurisdiction over it and also asserting that Defendant Centaur Food Service Equipment is not a proper party because it is a line of food service equipment products, not a legal entity [Docket No. 37]. Plaintiff then sought and was granted leave to amend her Complaint again, for the sole purpose of making clear in the Complaint that Hong Kong is a part of China, which was necessary to effect service on Defendant United Foodservice Equipment Limited [Docket Nos. 43, 46].

On June 19, 2015, CompSource Mutual Insurance Company ("CompSource") filed a Complaint in Intervention, alleging that CompSource has either a subrogation interest against the Defendants in this case or an interest in recoupment against the Plaintiff for all sums that had been paid to Plaintiff under the Oklahoma Workers' Compensation Code arising out the injury at issue in this case [Docket No. 56]. ABC subsequently filed a Motion to Dismiss the Complaint in Intervention, arguing that CompSource's subrogation interest against ABC should likewise be dismissed for lack of personal jurisdiction [Docket No. 59].

Because Plaintiff does not challenge Centaur Food Service Equipment's status as a line of products rather than a legal entity, the Court finds that all claims against Centaur

Food Service Equipment should be dismissed. For the reasons set forth below, the Court finds that the Amended Motion to Dismiss by Defendant Allied Buying Corporation [Docket No. 37] and Defendant Allied Buying Corporation's Motion to Dismiss Complaint in Intervention [Docket No. 59] should be granted.

## FACTUAL BACKGROUND

The Plaintiff was injured on the job during the use of an electric fryer. She alleges in her Second Amended Complaint that "one or more or all of the Defendants" manufacture the electric fryer that caused her injuries. Docket No. 46, ¶ 17. She further alleges that "one or more or all of the Defendants sold, supplied, or distributed the Centaur electric fryer . . . such that one or more or all of the Defendants placed said fryer in the stream of commerce." *Id.* at ¶ 19. The Plaintiff alleges that the fryer was defective, that all the Defendant were in the business of selling such products, and that "[o]ne of the Defendants" sold the fryer to her employer. *Id.* at ¶¶ 19-23. She also states that one of the Defendants "is owned and operated by one or more of the other Defendants in such a way that the corporate veil may be pierced and the owning Defendant(s) be held directly liable." *Id.* at ¶ 27. According to the affidavit of Tom Venetis, Executive Director for ABC, ABC is a Delaware corporation with its only place of business in Illinois. Additionally, he stated that ABC "offers a product line of food service equipment to its members, which in turn market the product." *See* Docket No. 37, Ex. 1.

## ANALYSIS

In this challenge to personal jurisdiction, the Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendant ABC. *OMI*

*Holdings, Inc. v. Royal Insurance Company of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).

> When a district court rules on a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant. In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating "that the presence of some other considerations would render jurisdiction unreasonable."

*OMI*, 149 F.3d at 1091. This inquiry is governed by the principles of due process. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) ("Where, as in Oklahoma, the state long arm statute supports personal jurisdiction to the full extent constitutionally permitted, due process principles govern the inquiry.") [citation omitted]. Although personal jurisdiction can be general or specific, Plaintiff only addresses specific jurisdiction in her response, so the Court will likewise only address the issue of specific jurisdiction.[1] *See Neuer v. Dental Resource Systems, Inc.*, 2015 WL 4634044, at *2 (D. Kan. July 27, 2015) ("[P]laintiff's response only addresses specific jurisdiction. The court will therefore only analyze specific jurisdiction.").

---

[1] The Court notes, however, that even under principles of general jurisdiction Plaintiff cannot establish personal jurisdiction over ABC based on the operation of its commercial website because there is no indication that ABC conducted transactions on a sustained basis with any Oklahoma residents. *See Shrader*, 633 F.3d at 1243 ("'A web site will subject a defendant to general personal jurisdiction only when the defendant has actually and deliberately used its website to conduct commercial transactions *on a sustained basis with a substantial number of residents of the forum.*'"), *quoting Smith v. Basin Park Hotel, Inc.*, 178 F. Supp. 2d 1225, 1235 (N.D. Okla. 2001) [emphasis added in *Shrader*].

Plaintiff asserts that this Court has specific jurisdiction over ABC because ABC's website is deliberately directed at an audience in Oklahoma. In order to determine whether there is specific jurisdiction, the Court engages in a two-part inquiry. "First, we must determine whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *OMI*, 149 F.3d at 1091, *quoting World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 297 (1979). "In this area, the Supreme Court has instructed that the 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008), *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "The purpose of the 'purposeful direction' component is 'to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state.' The "arise out of" factor requires there be a causal connection between the defendant's activities in the forum and the lawsuit." *Outdoor Channel, Inc. v. Performance Media, LLC*, 826 F. Supp. 2d 1271, 1280 (N.D. Okla. 2011). "Within this inquiry we must determine whether the defendant purposefully directed its activities at residents of the forum, and whether the plaintiff's claim arises out of or results from 'action by the defendant *himself* that created a substantial connection with the forum state.'" *OMI*, 149 F.3d at 1091, *quoting Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987) [emphasis in original]. But "even if the 'purposeful direction' and 'arising out of'

conditions for specific jurisdiction are met, that is not the end of the matter." *Shrader*, 633 F.3d at 1240. The Court must then inquire into whether "having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov*, 415 F.3d at 1070, *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The burden for this aspect is on the Defendants. *Dudnikov*, 514 F.3d at 1080 ("In doing so, we are cognizant of the fact that, with minimum contacts established, it is incumbent on defendants to present a compelling case that the presence of other considerations would render jurisdiction unreasonable.") [quotation omitted].

More particularly, the question of specific jurisdiction in the context of the Internet has arisen in recent years and been addressed by various Courts. The Tenth Circuit held in *Shrader* that the Fourth Circuit's approach, set forth in *ALC Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) is "compatible with our discussion of personal jurisdiction in *Dudnikov*." *Shrader*, 633 F.3d at 1241.

> Thus, adopting and adapting the *Zippo*[2] model, we conclude that a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts. Under this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received. Such passive Internet activity does not generally include directing electronic activity into the State with the manifested intent of engaging business or other interactions in the State thus creating in a person within the State a potential cause of action cognizable in courts located in the State.

---

[2] *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997).

*ALS Scan*, 293 F.3d at 714. Accordingly, "[t]his approach and its counterparts in other circuits have some immediate implications that are relevant here. The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *Shrader*, 633 F.3d 1241. "Moreover, *Shrader* held that it is not enough for personal jurisdiction if the internet conduct on which the plaintiff's claim is based is merely targeted to a known resident of the forum; '*the forum state itself must be the focal point of the tort.*'" *Allen v. IM Solutions, LLC*, 2015 WL 71468, at *7 (E.D. Okla. Jan. 6, 2015) [emphasis in *Allen*], *citing Shrader*, 633 F.3d at 1244, *quoting Dudnikov*, 415 F.3d at 1074 n.9.

Here, the Court finds that it does not have specific jurisdiction over ABC because Plaintiff has not made a *prima facie* case to establish the requisite minimum contacts. Even though the Tenth Circuit has not explicitly adopted *Zippo's* sliding scale test, it is "instructive" because '[a] passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.'" *Shrader*, 633 F.3d at 1242 n.5, *quoting Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Plaintiff alleges that through ABC's website customers in Oklahoma are provided information for purchasing products, including the product that injured the

Plaintiff, from various dealers and suppliers. Furthermore, she alleges that the fryer was ultimately purchased through Defendant Central Products, LLC, a dealer listed on ABC's website. A review of ABC's website confirms that ABC describes itself as a network of restaurant supply dealers, and instructs visitors to the website to find a dealer in their area according to a color-coded map that divides the United States into regions. As relevant here, Oklahoma is included in the Southwest region, while both Illinois (ABC) and Indiana (Central Products) are part of the Midwest region. A review of the dealers listed for the Southwest region provides no information on dealers related to or located in Oklahoma, nor is any company on the "Supplier Listing" located in Oklahoma. Moreover, ABC's co-Defendant, Central Products, LLC d/b/a Central Restaurant Products is a company located in Indiana – ABC's Midwest region. Central Restaurant Products has its own website for purchasing wholesale equipment, and the Court notes that Central Products is not challenging personal jurisdiction. Attached to her brief, Plaintiff included a copy of an emailed order confirmation sent to her employer from Central Restaurant Products, as well as a copy of the Central Products website listing of the fryer for sale. *See* Docket No. 39, Exs. 8-9. Plaintiff asserts that ABC expects its products to be marketed and sold in Oklahoma, but in fact the only recognition of Oklahoma on the website is the state's presence on a color-coded map of the United States. Although ABC has a number of dealers who claim an affiliation and are located in various states across the United States, there are none in Oklahoma at all, and in fact Central Restaurant Products, based in Indiana and part of the Midwest region as defined by ABC, is not even a part of the same purported region as Oklahoma. More

importantly, there is no indication on the website that Oklahoma residents could engage in business transactions with ABC. As in *GoFit LLC v. GoFit LLC*, "[t]he website itself does not demonstrate an intent to engage in business or other interactions with Oklahoma because it did not – in its actual form – permit Oklahoma residents to enter into a contract with defendants or otherwise purchase goods or services. Given the absence of any commercial activity taking place through the website, the Court finds that the website fails the second prong of *Shrader*." 2013 WL 1566908, at *4 (N.D. Okla. Apr. 12, 2013) (Where "defendants attest that the actual website at issue was not interactive and did not allow commercial transactions to take place. . . . [D]efendants' website is certainly closer to the passive end of the scale, as it was only minimally interactive. There is no evidence that any Oklahoma resident ever requested information through the website."). *See also Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 618 (10th Cir. 2012) ("[T]he rig's 'presence in the forum arose from the unilateral acts of someone other than' RG Petro, and generally 'courts have been unwilling to allow states to assert personal jurisdiction' under such circumstances."), *quoting OMI*, 149 F.3d at 1092.

Plaintiff alternatively argues that this Court has personal jurisdiction because ABC knew that its products were going to be marketed in the stream of commerce, but she has failed to meet her burden on this argument as well. *See Eaves v. Pirelli Tire, LLC*, 2014 WL 1883791, at *5 (D. Kan. May 12, 2014) ("It is not this court's burden to proceed with an agency or alter ego legal theory and advocate is application here."). Plaintiff argues that, because a person in Oklahoma could access ABC's website and ultimately purchase products from one of the dealers, fair play and justice are not offended by bringing ABC

into this Court. However, this argument also fails because there is no distinct aspect of Oklahoma that connects it with ABC or its website. Here, the only evidence is that Plaintiff's employer purchased the fryer from co-Defendant Central Products, but nothing to connect ABC to Oklahoma in relation to its own website *See Eaves*, 2014 WL 1883791, at *19 ("As for the factors relevant for minimum contacts under the stream of commerce approach, the above analysis shows that the moving defendants exercise no direction, influence or control over the flow of product into this forum and that there are no distinctive features of Kansas that connect it with the product in question. This leaves the remaining factor on the quantity of the defendant's particular product regularly flowing into the Kansas. The moving defendants have made no direct sales to Kansas and have no direct contacts with anyone marketing or selling the tires in Kansas.").

Finally, the Plaintiffs ask that, if Defendant's Motion to Dismiss is not denied, that they be allowed leave to conduct discovery regarding ABC's connection to Oklahoma. This Court has broad discretion on the issue of jurisdictional discovery matters; however, the burden to entitlement is on the party seeking discovery. *Breakthrough Management v. Chukchansi Gold Casino*, 629 F.3d 1173, 1189 (10th Cir. 2010). Here, the Court finds that there is a very low probability that a lack of discovery has affected the decision today, and denies this request. The Court notes that the Scheduling Conference and all pending deadlines were stricken on March 30, 2015 (nearly six months ago), pending service on a Defendant located in Hong Kong, China. *See* Docket No. 45. The plaintiff apparently chose not to pursue additional discovery during the pendency of these motions, and now asks the Court to further extend the inquiry in order to challenge

statements contained in Mr. Venetis's affidavits,[3] but this appears to be based on a hope of finding a connection between ABC and Oklahoma. This is insufficient. *Bell Helicopter Textron, Inc. v. Heliqwest International, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004) (Given the very low probability that the lack of discovery affected the outcome of this case we find no abuse of the district court's discretion here). *See also Eaves*, 2014 WL 1883791, at *21 ("A hunch or a hope that there may be more to the relationship . . . is not enough.").

Because the Court finds that ABC's Amended Motion to Dismiss should be granted for lack of personal jurisdiction, the Court finds that ABC's Motion to Dismiss Complaint in Intervention should likewise be dismissed for lack of personal jurisdiction. Under Oklahoma law in this diversity case, CompSource's claim as subrogee places it in the Plaintiff's shoes, and CompSource admits this in the Response and requests that its claims against ABC be allowed to continue if Plaintiff's claims are allowed to continue. Because Plaintiff's claims against Defendant fails for lack of personal jurisdiction, CompSource is also subject to the defense of lack of personal jurisdiction raised by ABC and discussed at length above. *See American Agency Systems, Inc. v. Marceleno*, 2002 OK CIV APP 79, ¶ 16, 53 P.3d 929, 935 ("As subrogee, AASI stepped into the shoes of the injured worker, Bales, subject to defenses which Marceleno may have had against her."), *citing Stinchcomb v. Dodson*, 1942 OK 141, ¶ 7, 126 P.2d 257, 259.

---

[3] Plaintiff states that she disputes Mr. Venetis's statement that ABC's products are only offered to its members. Even assuming *arguendo* that this is true, Plaintiff does not indicate how such a statement would help to establish specific personal jurisdiction in *this* case.

## CONCLUSION

In summary, this Court lacks personal jurisdiction over Defendant Allied Buying Corporation and named Defendant Centaur Food Service Equipment is not a legal entity capable of suit. Accordingly, IT IS ORDERED that the Amended Motion to Dismiss by Defendant Allied Buying Corporation [Docket No. 37] and Defendant Allied Buying Corporation's Motion to Dismiss Complaint in Intervention [Docket No. 59] are hereby GRANTED.

**DATED** this 30th day of September, 2015.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma