# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NAKISHA DANYEL MARTIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED FOODSERVICE ) <br> EQUIPMENT LIMITED; CENTRAL ) <br> PRODUCTS, LLC; ALLIED ) <br> BUYING CORPORATION; ) <br> CENTAUR FOOD SERVICE ) <br> EQUIPMENT; ) <br> ) <br> Defendants, ) <br> ) <br> COMPSOURCE MUTUAL ) <br> INSURANCE COMPANY ) <br> ) <br> Intervenor. ) | Case No. CIV-14-532-SPS |

## OPINION AND ORDER DENYING DEFENDANT
## CENTRAL PRODUCTS, LLC'S MOTIONS TO DISMISS

This matter comes before the Court on Defendant Central Products, LLC's 12(b)(b) Motions to Dismiss [Docket Nos. 24, 51] and Defendant Central Products, LLC's 12(b)(6) Motion to Dismiss Complaint in Intervention [Docket No. 60]. For the reasons set forth below, the Court finds that Defendant Central Products, LLC's 12(b)(b) Motion to Dismiss [Docket No. 24], Defendant Central Products, LLC's 12(b)(6) Motion to Dismiss [Docket No. 51], and Defendant Central Products, LLC's 12(b)(6) Motion to Dismiss Complaint in Intervention [Docket No. 60] should be DENIED.

## PROCEDURAL HISTORY

The Plaintiff originally brought this case in state court in Murray County, Case No. CJ-2014-079, against Defendants Globe Food Equipment Company and United Foodservice Equipment Limited. Defendant Globe Food Equipment Company then removed the case to this Court, and the Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) naming Defendants Globe Food Equipment Company; United Foodservice Equipment Limited; Central Products, LLC ("Central Products"); Allied Buying Corporation; and Centaur Food Service Equipment [Docket No. 16]. Plaintiff then sought and was granted leave to amend her Complaint again, for the sole purpose of making clear in the Complaint that Hong Kong is a part of China, which was necessary to effect service on Defendant United Foodservice Equipment Limited [Docket Nos. 43, 46]. This Court then granted CompSource Mutual Insurance Company ("CompSource") leave to intervene in this case based on a subrogation interest [Docket Nos. 53-55].

Central Products has moved to dismiss the Plaintiff's Amended Complaint, asserting that the claims against it were time barred and that the Amended Complaint should not be allowed to relate back [Docket No. 24], and renewed its Motion to Dismiss after Plaintiff filed her Second Amended Complaint, adopting and incorporating the same arguments raised in the first Motion to Dismiss [Docket No. 51]. Central Products has likewise filed a Motion to Dismiss the Complaint in Intervention, noting that as subrogee CompSource stands in the shoes of the Plaintiff and the statute of limitations therefore applies to CompSource as well [Docket No. 60].

## ANALYSIS

The Plaintiff alleges in her Second Amended Complaint that she was injured on November 5, 2012, when a handle broke off an oil disposal container of an electric fryer at her place of employment. She filed her original state court Petition in Murray County on October 29, 2014, naming as Defendants Globe Food Equipment Company and United Foodservice Equipment. *See* Docket No. 5, Ex. 2. She thus filed her original Petition within the two-year statute of limitations that applies to products liability cases in Oklahoma. *See* 12 Okla. Stat. § 95(3). *See also Kirkland v. General Motors Corp.*, 1974 OK 52 ¶ 24, 521 P.3d 1353, 1361 ("We are persuaded that the limitation period to be applied in products liability actions is two (2) years."). Once Defendant Globe Food Equipment Company removed the case to this Court, the Plaintiff filed her Amended Complaint on February 4, 2015—outside the statute of limitations—pursuant to Fed. R. Civ. P. 15(a)(1)(B), and naming, *inter alia*, Defendant Central Products. *See* Docket No. 16.

Central Products argues that the claims against it should therefore be dismissed because the Plaintiff's Amended Complaint, in which she first named Central Products as a Defendant, was outside the applicable statute of limitations for products liability claims and is therefore time barred on its face. Additionally, Central Products contends that Plaintiff's Amended Complaint and subsequent Second Amended Complaint should not be allowed to relate back under Fed. R. Civ. P. 15(c)(1)(C) because Plaintiff was not correcting a misnamed party when she filed her Amended Complaint.

Taking the arguments in reverse order, Central Products asserts that Rule 15(c)(1)(C) does not apply because the Plaintiff did not change the name of an existing party, but instead sought to bring in multiple additional parties. The Supreme Court, however, has indicated that Rule 15(c)(1)(C) *does* contemplate the addition of entirely new defendants. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 n.3 (2010) ("Rule 15(c)(1)(C) speaks generally of an amendment to a 'pleading' that changes 'the party against whom a claim is asserted,' and it therefore *is not limited to the circumstance of a plaintiff filing an amended complaint seeking to bring in a new defendant. . . .*" but noting that this circumstance "is the 'typical case.'") [emphasis added]. *See also Thompson v. Dolgencorp, LLC*, 304 F.R.D. 641, 643 (E.D. Okla. Jan. 26, 2015). Rule 15(c)(1)(C) does therefore govern this decision.

Fed. R. Civ. P. 15(c)(1)(C) states that:

An amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B)[1] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
- (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
- (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Courts have distilled this rule into three essential elements: (i) "the claim asserted against the newly-designated defendant . . . must arise out of the conduct, transaction, or

---

[1] "[T]he amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B).

occurrence set out in the original pleading"; (ii) "within the period provided by [Fed. R. Civ. P.] 4(m) . . . the party to be brought in by amendment must have received such notice of the action that it will not be prejudiced in defending on the merits"; and (iii) "it must appear that within the same time frame the newly-designated defendant either knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Coons v Industrial Knife Co.*, 620 F.3d 38, 42 (1st Cir. 2010). *See also Dolgencorp*, 304 F.R.D. at 643.

Here it appears undisputed that the first element is met because the Plaintiff is attempting to hold Central Products liable for the same injury arising from the use of the fryer as described in her original state court petition. Under 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m), the Plaintiff had 120 days after removal, or until April 6, 2015, to serve all named Defendants. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-707 (10th Cir. 2010). Accordingly, the second element appears met, because Central Products received actual notice by way of service of process on February 9, 2015, prior to the expiration of the Rule 4(m) period. *See* Docket No. 34, Ex. 1.

The third element, however, remains in question and guide's the Court's decision today. "[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski*, 560 U.S. at 541. The proper inquiry in this case, therefore, is what Central Products knew or should have known. *Id.* 560 U.S. at 548 ("The question under Rule (c)(1)(C)(ii) is . . . whether [Defendant] knew or should have known that it would have been named as a defendant but for an error."). Plaintiff argues

that it should be clear from the face of the pleadings that she made a mistake in the identity of the parties, but points to no part of the pleading in support of this assertion. Here the Court is particularly mindful that in products liability litigation, not every manufacturer/retailer/supplier is automatically indispensable. *See Kirkland*, 1974 OK 52 ¶ 30, 521 P.2d 1353. Thus it is not clear from the pleadings that Central Products knew or should have known that it would have been named a party *but for a mistake* concerning the proper party's identity, and this may be a case where "[i]nformation in the plaintiff's possession is relevant [because] it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Krupski*, 506 U.S. at 548. *See also Spicer v. New Image International, Inc.*, 447 F. Supp. 2d 1226, 1234 (D. Kan. 2006) ("A mistake does not exist just because plaintiff omitted a potentially liable party from the original complaint."), *citing Garrett v. Fleming*, 362 F.3d 692, 696-697 (10th Cir. 2004). The Court thus finds that this question is more properly resolved at the summary judgment stage, and denies Central Product's Motion to Dismiss. *See Dolgencorp*, 304 F.R.D. at 644 ("Inasmuch as the Supreme Court has placed the focus of inquiry on the new defendant's knowledge, a Rule 12(b)(6) motion may no longer be the proper vehicle for resolution of this issue. The court finds it is not in the case at bar. As the district court stated in *Gonzales v. Brown*, 2014 WL 4748604, at *8 (N.D. Okla. 2014), '[a]t this time, the Court concludes that the statute of limitations/relation back issues should be determined at the summary judgment stage, upon a relevant evidentiary record, rather than upon speculation as to what notice the Added Defendants had of the action and what they knew or should have known.' This

court will resolve those issues if and when requested upon a motion for summary judgment after an appropriate discovery period.").

Furthermore, under Oklahoma law in this diversity case, CompSource's claims as subrogee against Central Products places it in the Plaintiff's shoes. *See American Agency Systems, Inc. v. Marceleno*, 2002 OK CIV APP 79, ¶ 16, 53 P.3d 929, 935 ("As subrogee, AASI stepped into the shoes of the injured worker, Bales, subject to defenses which Marceleno may have had against her."), *citing Stinchcomb v. Dodson*, 1942 OK 141 ¶ 7, 126 P.2d 257, 259. Accordingly, Central Products' Motion to Dismiss CompSource's Complaint in Intervention is also denied for the same reasons as set forth above.

## CONCLUSION

In summary, IT IS ORDERED that Defendant Central Products, LLC's 12(b)(b) Motion to Dismiss [Docket No. 24], Defendant Central Products, LLC's 12(b)(6) Motion to Dismiss [Docket No. 51], and Defendant Central Products, LLC's 12(b)(6) Motion to Dismiss Complaint in Intervention [Docket No. 60] are hereby DENIED.

**DATED** this 30th day of September, 2015.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma